UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALERIE OWENS,<br><br>    Plaintiff,<br><br>   v.<br><br>JOHN DAVIS d/b/a McDonald's Restaurant, McDONALD'S, McDONALD'S OF DUBLIN, McDONALD'S CORPORATION, JOHN W. DAVIS, INC., and DAVID'S FAST FOODS, INC.,<br><br>    Defendants. | Case No. 05-cv-4110-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Valerie Owens's ("Owens") response (Doc. 9) to the Court's order to show cause why this case should not be dismissed without prejudice for failure to timely effect service under Rule 4(m) or for failure to prosecute under Rule 41(b). That response indicates that Owens does not want to abandon this case now but fails to explain why service has not been accomplished in the time required by Rule 4(m). Instead, Owens asks the Court to give her 90 more days to prosecute a companion case in the Southern District of Georgia before dismissing this case. The Court construes Owens's response as a motion for extension of time to accomplish service under Rule 4(m)

Rule 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have interpreted Rule 4(m) to require a court to grant an extension

if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Although this case was filed more than a year ago, no defendant has been served, and Owens has not provided any explanation why this is so. In fact, it appears that the plaintiff is in contact with at least one defendant in the Georgia case and presumably could have served that defendant before now. Instead of justifying her failure to abide by the time limits in Rule 4(m), Owens asks for more time to decide whether to pursue this case. This is an insufficient explanation for why the Court should allow this case to linger on its docket for 90 more days. However, the Court believes a briefer extension of time for service would serve the interests of justice. Accordingly, the Court **GRANTS** the motion for an extension of time for service and **ORDERS** that the plaintiff shall have up to and including October 13, 2006, to serve the defendants and file proof of service. Failure to file a proof of service on a defendant on or before October 13, 2006, will result in dismissal of all claims against that defendant without prejudice pursuant to Rule 4(m). The order to show cause (Doc. 8) is **DISCHARGED**.

**IT IS SO ORDERED.**
**DATED:  September 11, 2006**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**